IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENYA HARRIS,<br><br>    Plaintiff,<br><br>v.<br><br>OAKLAND POLICE DEPARTMENT and<br>POLICE PATROL OFFICER,<br><br>    Defendants. | No. C 13-4051 LHK (PR)<br><br>ORDER DISMISSING CASE<br>WITH LEAVE TO AMEND |

Plaintiff, a California state prisoner proceeding *pro se*, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiff is granted leave to proceed in forma pauperis in a separate order. For the reasons stated below, the court dismisses the complaint with leave to amend.

**DISCUSSION**

A.   Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1), (2). *Pro se* pleadings must, however, be liberally construed. *See Balistreri v. Pacifica Police*

Order of Dismissal with Leave to Amend
G:\PRO-SE\LHK\CR.13\Harris051dwla.wpd

1 *Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

2     To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:
3 (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that
4 the alleged deprivation was committed by a person acting under the color of state law. *West v.*
5 *Atkins*, 487 U.S. 42, 48 (1988).

6 B.    <u>Plaintiff's Claims</u>

7     Plaintiff names the Oakland Police Department and a police patrol officer.  Plaintiff
8 alleges that, on September 1, 2011, plaintiff was driving his vehicle out of a motel parking lot
9 and came to a full stop because there were Oakland patrol cars blocking the exit.  Plaintiff claims
10 that one patrol car suddenly headed straight toward plaintiff's car and slammed into plaintiff's
11 car, causing severe damage to plaintiff's vehicle.

12     The complaint has several deficiencies that require an amended complaint to be filed.
13 First, plaintiff is reminded that Section 1983 does not impose liability for violations of duties of
14 care arising out of state tort law.  *See DeShaney v. Winnebago County Social Servs. Dep't*, 489
15 U.S. 189, 201-03 (1989); *Baker v. McCollan*, 443 U.S. 137, 146 (1979) (without more, there is
16 no action for false imprisonment).  The Due Process Clause is not implicated by a state official's
17 negligent act causing unintended loss or injury to life, liberty, or property.  *See Daniels v.*
18 *Williams*, 474 U.S. 327 (1986).  To state a claim for relief, therefore, plaintiff must show a
19 specific constitutional or federal guarantee safeguarding the interests that have been invaded.
20 *See Paul v. Davis*, 424 U.S. 693, 697 (1976).  To the extent plaintiff's complaint raises a
21 violation of state law, the claim is DISMISSED without leave to amend.  In order to state a
22 cognizable claim under Section 1983, plaintiff must allege that a federal constitutional right was
23 violated.  If plaintiff believes that he can do so, he is granted leave to file an amended complaint.

24     In addition, plaintiff's claim against the Oakland Police Department is insufficient.  Local
25 governments are "persons" subject to liability under 42 U.S.C. § 1983 where official policy or
26 custom causes a constitutional tort, *see Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690
27 (1978); however, a city or county may not be held vicariously liable for the unconstitutional acts
28 of its employees under the theory of respondeat superior, *see Board of Cty. Comm'rs. of Bryan*

1  *Cty. v. Brown*, 520 U.S. 397, 403 (1997); *Monell*, 436 U.S. at 691.  To impose municipal liability
2  under § 1983 for a violation of constitutional rights, a plaintiff must show: (1) that the plaintiff
3  possessed a constitutional right of which he or she was deprived; (2) that the municipality had a
4  policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional
5  rights; and (4) that the policy is the moving force behind the constitutional violation.  *See*
6  *Plumeau v. School Dist. #40 County of Yamhill*, 130 F.3d 432, 438 (9th Cir. 1997).  Here, it is
7  not clear from plaintiff's complaint that the Oakland Police Department had any role other than
8  being present at the scene of events.

9  Finally, plaintiff's claim against a "police patrol officer" is equivalent to a claim against a
10 John Doe defendant.  The use of "John Doe" to identify a defendant is not favored in the Ninth
11 Circuit.  *See Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980); *Wiltsie v. Cal. Dep't of*
12 *Corrections*, 406 F.2d 515, 518 (9th Cir. 1968).  Thus, John Doe defendant is DISMISSED with
13 leave to amend.  Should plaintiff be able to identify the name of John Doe, plaintiff may amend
14 the complaint to do so.

15 Accordingly, the complaint is DISMISSED WITH LEAVE TO AMEND.  Plaintiff will
16 be provided with thirty days in which to amend to correct the deficiencies in his complaint if he
17 can do so in good faith.

## CONCLUSION

19 For the foregoing reasons, the court hereby orders as follows:

20 1.  Plaintiff's complaint is DISMISSED with leave to amend.

21 2.  If Plaintiff can cure the pleading deficiencies described above, he shall file an
22 AMENDED COMPLAINT within **thirty days** from the date this order is filed.  The amended
23 complaint must include the caption and civil case number used in this order (C 13-4051 LHK
24 (PR)) and the words AMENDED COMPLAINT on the first page.  Plaintiff may not incorporate
25 material from the prior complaint by reference.  **Failure to file an amended complaint within**
26 **thirty days and in accordance with this order will result in a finding that further leave to**
27 **amend would be futile and this action will be dismissed.**

28 3.  Plaintiff is advised that an amended complaint supersedes the original complaint.

1  "[A] plaintiff waives all causes of action alleged in the original complaint which are not alleged
2  in the amended complaint." *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981).
3  Defendants not named in an amended complaint are no longer defendants. *See Ferdik v.*
4  *Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).

5      4.      It is the plaintiff's responsibility to prosecute this case.  Plaintiff must keep the
6  court informed of any change of address by filing a separate paper with the Clerk headed "Notice
7  of Change of Address," and must comply with the court's orders in a timely fashion.  Failure to
8  do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule
9  of Civil Procedure 41(b).

10      IT IS SO ORDERED.
11  DATED: 12/3/13

*Lucy H. Koh*
LUCY H. KOH
United States District Judge

Order of Dismissal with Leave to Amend
G:\PRO-SE\LHK\CR.13\Harris051dwla.wpd    4